```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VALENTINE B. ANDELA              :    CIVIL ACTION
                                 :
         v.                      :
                                 :
ADMINISTRATIVE OFFICE OF THE     :    NO. 13-865
U.S. COURTS, et al.              :
```

<u>MEMORANDUM</u>

**JOYNER, Ch. J.**                                          **APRIL 30, 2013**

Plaintiff Valentine B. Andela brings this action against the Administrative Office of the U.S. Courts ("AO"), the U.S. Equal Employment Opportunity Commission ("EEOC"), the U.S. Department of Education - Office of Civil Rights ("OCR"), and several of those entities' unidentified employees. His claims are based on the defendants' alleged mishandling of his employment discrimination claims, a related "conspiracy" to deprive him of his constitutional rights, and the EEOC's failure to provide him with certain information under the Freedom of Information Act ("FOIA"). Andela seeks to proceed <u>in forma pauperis</u>. For the following reasons, the Court will grant him leave to proceed <u>in forma pauperis</u>, and dismiss his claims with the exception of his FOIA claim.

**I.   FACTS**

In 2007, Andela filed a charge of employment-discrimination with the EEOC against the University of Miami and the University of North Carolina at Chapel-Hill.[1] (Compl. ¶ 13). The EEOC

---

[1]A detailed discussion of the underlying employment dispute and related litigation can be found at <u>Andela v. University of</u>

1

transferred Andela's complaint to the Florida Commission for Human Relations ("FCHR") for review.  Andela subsequently filed a complaint with OCR, alleging that the University of Miami and the University of North Carolina retaliated against him for filing a complaint.  According to Andela, OCR "delegat[ed] its statutory authority to the EEOC Miami District Office" and did not follow up on his claim. (Id. ¶ 20.)

It appears that Andela received a hearing before an administrative law judge, who rejected his claims of employment discrimination, and that the FCHR affirmed the administrative law judge's decision.  Andela v. Univ. of Miami, 461 F. App'x 832, 836 (11th Cir. 2012) (per curiam).  Andela thereafter requested that the EEOC perform a substantial weight review of his claims and, at the same time, appealed the FCHR's ruling to the Florida District Court of Appeals.  (Compl. ¶ 15.)  The state appellate court affirmed the FCHR's decision.  The next day, the EEOC issued a notice of right to sue letter indicating that it had adopted the FCHR's determination.  (Id. ¶ 22.)  Andela alleges that the EEOC should have completed its review earlier, so that the state appellate court would have the benefit of the its findings, and alleges that the EEOC's issuance of its notice immediately after the state court's rejection of his appeal is "[s]trongly revealing of a conspiracy."   (Id. ¶¶ 17 & 22.)

Andela subsequently filed a FOIA request with the EEOC, in which he sought a copy of the substantial weight review that the

---

Miami, 692 F. Supp. 2d 1356 (S.D. Fla. 2010).

agency prepared in his case. He claims that the EEOC "dissimulated" his request, so he submitted a second request. (Compl. ¶ 23.) In response, he received an email indicating that the EEOC did not have a record of his initial FOIA request and that it would process his second request by August 3, 2009. However, Andela was not provided with the document as of that date.

Around the same time, Andela filed a lawsuit in the Southern District of Florida, pursuant to Title VI and Title VII, against the University of Miami and the University of North Carolina. He apparently sought to join the FCHR, the EEOC, and the OCR as defendants pursuant to Federal Rule of Civil Procedure 19, but the district court denied his motion. The district court dismissed some of Andela's claims, granted summary judgment to the defendants on others, and declined to exercise supplemental jurisdiction over any state law claims. See Andela, 692 F. Supp. 2d at 1379-80. Andela appealed.

The Eleventh Circuit initially dismissed Andela's appeal for lack of jurisdiction but, upon reconsideration, reinstated the appeal. The Court dismissed Andela's appeal of his Title VII claims against the University of Miami on the basis that he sought review and rejection of the state court's judgment, and affirmed the dismissal of his remaining claims. Andela, 461 F. App'x at 836-37. Andela believes that the Court's opinion is "manifestly inaccurate" and sought rehearing en banc, but his motion was denied. (Compl. ¶¶ 29-30.)

Andela subsequently "submitted several FOIA requests and appeals to both the OCR and the EEOC." (Compl. ¶ 31.) In response, the EEOC released a redacted copy of its substantial weight review, which was signed by then District Director Jacqueline McNair. Andela notes that, less than a year after signing the review, McNair was demoted "based on her allegedly unacceptable performance." (Id. (quotations omitted).) He sought an unredacted copy, but the EEOC denied his FOIA request.

Based on those facts, Andela raises the following claims: (1) a FOIA claim against the EEOC based on the EEOC's failure to provide him with an unredacted copy of the substantial weight review; (2) claims against all of the defendants under the Declaratory Judgment Act; (3) claims against the government agents "involved in the procedural handling of [his] Title VI and Title VII claims," pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), based on his allegations that the agents "actively undermined his substantive and constitutionally guaranteed rights" (Compl. ¶ 46); (4) claims against all of the defendants pursuant to 42 U.S.C. § 1985, based on his allegations that they "actively conspired to undermine the substance of [his] constitutionally guaranteed rights" (Id. ¶ 50); (5) claims against all of the defendants pursuant to 42 U.S.C. § 1986, based on his allegations that they failed to prevent interference with his civil rights; and (6) a claim under the Fair Tort Claims Act ("FTCA") against the EEOC. Andela seeks injunctive relief under FOIA, a

4

declaration that he "was [continuously] prevented from properly litigating his Title VI and Title VII claims" due to the defendants' conduct, and damages.  (Compl. ¶ IV.B.)

## II.  STANDARD OF REVIEW

The Court grants Andela leave to proceed in forma pauperis because he has satisfied the criteria set forth in 28 U.S.C. § 1915.  Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies.  That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," Neitzke v. Williams, 490 U.S. 319, 325 (1989), and is legally baseless if "based on an indisputably meritless legal theory." Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995).

Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  Although any factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d

Cir. 2010) (quotations omitted).  Thus, although the Court must construe Andela's allegations liberally because he is proceeding pro se, Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), he must recite more than "labels and conclusions" to state a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

**III. DISCUSSION**

    **A.  Claims for Declaratory Judgment**

District Courts have authority to issue declaratory judgments pursuant to 28 U.S.C. § 2201.  However, a declaratory judgment is unavailable "solely to adjudicate past conduct" or "to proclaim that one party is liable to another."  Corliss v O'Brien, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam); see also Policastro v. Kontogiannis, 262 F. App'x 429, 433 (3d Cir. 2008).  Here, Andela seeks a declaration that the defendants' actions "prevented [him] from properly litigating his Title VI and Title VII claims." (Compl. ¶ IV.B.)  As he is seeking to adjudicate past conduct, his claims for declaratory relief are inappropriate, and will be dismissed.

    **B.  Bivens Claims**

Andela's Bivens claims appear to be predicated on his suggestion that his procedural and/or substantive due process rights were violated by the mishandling of his discrimination charges and claims by federal officials working for the EEOC, the

6

OCR, and possibly the AO.  However, "[n]o due process right is implicated in the investigative, non-adjudicatory procedures of the EEOC," or the OCR.  <u>Bartell v. U.S. E.E.O.C.</u>, Civ. A. No. 00-453, 2002 WL 31958717, at *4 (W.D.N.C. Mar. 29, 2002); <u>Gertskis v. U.S. E.E.O.C.</u>, Civ. A. No. 11-5830, 2013 WL 1148924, at *12 (S.D.N.Y. Mar. 20, 2013) ("[E]ven an arbitrary and capricious denial of the investigative and conciliatory benefits the EEOC can provide to a charging party does not transgress the Due Process Clause in a way that would support the implication of a Bivens-type damage remedy.") (quotations omitted).  Additionally, any alleged wrongdoing by employees of the EEOC and/or OCR did not preclude Andela from bringing his claims in court.[2]  See <u>Gertskis</u>, 2013 WL 1148924, at *13 ("[W]here, as here, a Right to Sue letter has been issued and Plaintiff had the opportunity to pursue [his] underlying discrimination claim in federal court, there cannot be a colorable claim for denial of due process in connection with the agency proceedings.") (quotations omitted).

Furthermore, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."  <u>Miller v. City of Phila.</u>, 174 F.3d 368, 373 (3d Cir. 1999) (quotations omitted).  It is apparent from the complaint and publicly available records that Andela received considerable process in the state and federal courts.  The fact

---

[2] Andela's complaint that the EEOC deprived the state court of the benefit its review is unusual considering that the EEOC ultimately agreed with the state agency's rejection of his discrimination claims.

7

that he did not prevail in his lawsuits does not equate to a due process violation.  Furthermore, nothing in the complaint provides a basis for a substantive due process claim.  See Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008) ("To establish a substantive due process claim, a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience.").

    C.    **Claims under 42 U.S.C. §§ 1985 & 1986**

Andela brings claims against all of the defendants under 42 U.S.C. §§ 1985 & 1986, based on his allegations that they conspired to violate his constitutional rights and failed to prevent interference with his rights.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  See F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).  "The Federal Government has retained its sovereign immunity against suits alleging constitutional violations or civil rights violations."  Gary v. Pa. Human Relations Comm'n, Civ. A. No. 10-1844, 2012 WL 931082, at *2 (E.D. Pa. Mar. 20, 2012), aff'd, 497 F. App'x 223 (3d Cir. 2012) (per curiam); see also Affiliated Professional Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999).  As "[s]overeign immunity is jurisdictional in nature," Meyer, 510 U.S. at 475, Andela's civil rights claims against the EEOC, the OCR, and the AO will be

dismissed for lack of jurisdiction.[3]  See Sturgis v. Employers Ins. of Wausau, 145 F.3d 1341 (9th Cir. 1998) (unpublished table disposition) (damages claims against the AO barred by sovereign immunity); Cortez v. E.E.O.C., 585 F. Supp. 2d 1273, 1292 (D.N.M. 2007) ("Sovereign immunity bars the claims by Cortez seeking monetary damages for alleged tortious violations of the Constitution by the EEOC and Wright in their official capacities.").

Andela's civil rights claims against the John Doe employees also fail.  "To state a claim under §§ 1985(2) or (3), a plaintiff must allege four things: (1) a conspiracy; (2) motivated by a racial or class-based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States."  Magnum v. Archdiocese of Phila., 253 F. App'x 224, 230 (3d Cir. 2007); see also Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006).  The complaint does

---

[3]In any event, courts have consistently recognized that there is no basis for a claim against the EEOC or the OCR based on the agencies' improper handling of a discrimination complaint. Smith v. Casellas, 119 F.3d 33, 34 (D.C. Cir. 1997) ("Congress has not authorized, either expressly or impliedly, a cause of action against the EEOC for the EEOC's alleged negligence or other malfeasance in processing an employment discrimination charge.") (per curiam); Robinson v. U.S. Dep't of Educ., Civ. A. No. 87-2554, 1988 WL 5083, at *1 (E.D. Pa. Jan. 20, 1988) ("No federal statute authorizes an action for damages against DOE for failing to investigate a Title VI administrative complaint or failing to take enforcement action against a federally-funded institution.").

not allege facts sufficient to support a plausible conspiracy claim. See Muhammad v. Cappellini, 477 F. App'x 935, 938 (3d Cir. 2012) (per curiam) ("[T]o state a claim under either § 1985(2) or § 1985(3), [plaintiff] was required to plead that an actual agreement existed among the parties."); Newsome v. E.E.O.C., 301 F.3d 227, 232 (5th Cir. 2002) (no basis for a § 1985 claim where plaintiff complained that the EEOC did not find in her favor and vaguely alleged that a relationship existed between her employer and the agency). Nor is there any suggestion that any of the defendants acted out of racial or class-based discriminatory animus. Accordingly, Andela has not stated a claim under § 1985. Andela's related claims under 42 U.S.C. § 1986 fail because liability under that statute is predicated on a preexisting § 1985 violation. See Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994).

      D.    **FTCA Claims**

Andela's FTCA claims against the EEOC fail because the FTCA "authorizes suits only against the United States itself, not individual defendants or agencies." Gary v. Pa. Human Relations Comm'n, 497 F. App'x 223, 228 (3d Cir. 2012) (per curiam); see also 28 U.S.C. § 2679(a). However, Andela will not be permitted to substitute the United States as a party because the complaint does not suggest any basis for a claim under the FTCA. The FTCA partially waives the United States's sovereign immunity to allow liability for the torts of federal employees acting within the scope of their employment "under circumstances where the United

States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." See 28 U.S.C. § 1346(b)(1); In re Orthopedic Bone Screw Prod. Liability Litig., 264 F.3d 344, 361-62 (3d Cir. 2001). As "there is no private analogue to the EEOC's work in processing and investigating discrimination charges" there is no legal basis for an FTCA claim based on the alleged failures of the EEOC's employees in handling Andela's complaint. Cortez, 585 F. Supp. 2d at 1291; see also Irwin v. Miami-Dade Cnty. Pub. Sch., 398 F. App'x 503, 506 (11th Cir. 2010) (per curiam). Furthermore, constitutional torts are not cognizable under the FTCA. Meyer, 510 U.S. at 477. Andela's FTCA claims will therefore be dismissed.[4]

## IV. CONCLUSION

For the foregoing reasons, all of Andela's claims will be dismissed with the exception of his FOIA claim against the EEOC, which may proceed at this time. A district court should ordinarily allow a pro se plaintiff to file an amended complaint, but need not do so if amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court concludes that amendment would be futile in this case because it is apparent that Andela is seeking to recover for conduct that is not actionable and that most of the defendants are immune from suit. An appropriate order follows.

---

[4] In the event Andela also sought to bring an FTCA claim against the OCR or the AO, his claims fail for the same reasons.

11