```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| VALENTINE B. ANDELA : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| ADMINISTRATIVE OFFICE OF THE U.S. : | CIVIL ACTION |
| COURTS, U.S. EQUAL EMPLOYMENT : | |
| OPPORTUNITY COMMISSION, U.S. : | NO. 13-cv-0865 |
| DEPARTMENT OF EDUCATION – OFFICE : | |
| OF CIVIL RIGHTS, and UNKNOWN NAMED : | |
| OFFICIALS IN THEIR INDIVIDUAL : | |
| CAPACITIES, : | |
| : | |
| Defendants. : | |

**MEMORANDUM & ORDER**

**JOYNER, J.**                                    **FEBRUARY 20, 2014**

Before the Court are Defendant Equal Employment Opportunity Commission ("EEOC")'s Motion for Summary Judgment (Doc. No. 34), Plaintiff's Cross Motion for Summary Judgment (Doc. No. 37), as well as Plaintiff's Uncontested Motion for Leave to File Pretrial Memorandum (Doc. No. 38). For the following reasons, Plaintiff's Uncontested Motion for Leave to File Pretrial Memorandum is GRANTED,[1] Defendant EEOC's Motion for Summary Judgment is GRANTED, and Plaintiff's Cross Motion for Summary Judgment is DENIED.

---

[1] Although this case is presently at the stage of summary judgment and not approaching trial, the Court has reviewed and will consider this Pretrial Memorandum as an addendum to Plaintiff's Motion for Summary Judgment.

1

**II.   BACKGROUND**

In 2007, Plaintiff Valentine Andela filed a Title VII complaint against the Universities of Miami and North Carolina-Chapel Hill with the EEOC. (Complaint, Doc. No. 6, at ¶ 13). The EEOC Miami District Office transferred the complaint to the Florida Commission for Human Relations ("FCHR"). Id. ¶ 14. On October 7, 2008, after the FCHR issued a decision, Mr. Andela requested that the EEOC conduct a substantial weight review. Id. ¶ 15; (Def. Mot. for Summary Judgment, Ex. A, Declaration of Stephanie D. Garner at ¶ 5).

In a declaration submitted by Stephanie D. Garner, Assistant Legal Counsel / FOIA Programs in the Office of Legal Counsel of the EEOC, Defendant EEOC states that EEOC staff conducted a substantial weight review of the FCHR's decision. Garner Dec. ¶ 5. The District Director of the EEOC's Miami District Office then issued a final decision to Mr. Andela though a Dismissal and Notice of Rights letter, stating that "The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." Id. ¶ 6; (Def. Ex. 1).

On July 2, 2012,[2] Mr. Andela filed a FOIA request asking for a copy of the substantial weight review. Garner Dec. ¶ 7. The

---

[2] Mr. Andela also filed claims in Florida federal courts under Title VII of the Civil Rights Act. See (Complaint at ¶ 25 - 30). Because the issues presented in those claims do not underlie the FOIA claim at issue in this case, the Court will recount only the facts pertinent to Mr. Andela's FOIA claim.

Miami Office reviewed the substantial weight review and determined that its contents were exempt from disclosure pursuant to FOIA exemption 5 U.S.C. § 552(b)(5). Id. ¶ 8. On July 26, 2012, the Miami Office produced a redacted copy of the substantial weight review to Mr. Andela. Id.; (Def. Ex. 2). On August 3, 2012, Mr. Andela appealed the Miami Office's decision to the Office of Legal Counsel for the EEOC. Id. ¶ 9. The Office of Legal Counsel determined that some of the standard factual headings contained on the form had been incorrectly withheld. Id. ¶ 10. However, the Office of Legal Counsel also concluded that the balance of the redactions made by the Miami Office had been proper. Id.

Mr. Andela filed the instant lawsuit in this Court in February 2013. In May 2013, the Court dismissed *sua sponte* his constitutional and tort claims against the Administrative Office of the Courts, the U.S. Department of Education - Office of Civil Rights, and certain unknown defendants sued in their official capacities. (Doc. Nos. 4, 5). The Court did not dismiss Mr. Andela's FOIA claim against the EEOC, which is plaintiff's only remaining claim.[3]

---

[3] Notably, Mr. Andela insists in his Pretrial Memorandum (Doc. No. 38) that "[t]he fundamental issue at bar is fraud on the court respecting the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964 . . . ." (Pretrial Memorandum at 12). This argument evidences Plaintiff's fundamental misunderstanding of the progression and scope of the present proceedings. Pursuant to its previous Orders, the Court confines its analysis to the only remaining issue in this case - Mr. Andela's FOIA claim against Defendant EEOC.

During the present litigation, the EEOC disclosed to Mr. Andela a new version of the redacted substantial weight review, as well as a Vaughn Index. (Def. Exs. 4, 5). The new version of the document contains unredacted factual headings; the remainder of the document is redacted. (Def. Ex. 4).

### III.     STANDARD OF REVIEW

Typically, in deciding a motion for summary judgment under Rule 56(c), a court must determine "whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." Medical Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (internal citation omitted). All facts must be viewed and all reasonable inferences must be drawn in favor of the non-moving party. Travis G. V. New Hope-Solebury School District, 544 F. Supp. 2d 435, 439 (E.D. Pa. 2008)(citing Troy Chemical Corp. v. Teamsters Union Local No. 408, 37 F.3d 123, 125-26 (3d Cir. 1994)); Oritani Savings & Loan Assn. v. Fidelity & Deposit Co. of Md., 989 F.2d 635, 638 (3d Cir. 1993).  An issue of material fact is said to be genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Belmont v. MBInv. Partners, Inc., 708 F.3d 470, 483 n. 17 (3d Cir. 2013)(citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

FOIA cases are often resolved in the district courts without discovery. See, e.g., Public Citizen Health Research Group v.

F.D.A., 997 F.Supp. 56 (D.D.C. 1998), rev'd in part on other grounds, 185 F.3d 898 (C.A.D.C. 1999). The agency carries the burden of justifying the nondisclosure pursuant to an exemption. Coastal States Gas Corp. v. Department of Energy, 644 F.2d 969, 974 (3d Cir. 1981). "Affidavits are the means through which a government agency details the search it conducted for the documents requested and justifies nondisclosure under each exemption upon which it relied . . . ." Manchester v. Drug Enforcement Admin., U.S. Dept. Of Justice, 823 F.Supp. 1259, 1265 (E.D. Pa. 1993). "The affidavits must be detailed, nonconclusory, and submitted in good faith." Id. (quoting Weisberg v. United States Dept. of Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983)). The court should not question the veracity of the agency's submissions explaining the reasons for its nondisclosure unless there is evidence of bad faith. Id. (citing Manna v. United States Dept. of Justice, 815 F.Supp.798, 817 (D.N.J. 1993)); Ground Saucer Watch, Inc. v. C.I.A., 692 F.2d 770, 771 (C.A.D.C. 1981).[4] To create a triable issue of fact, the plaintiff must show that the claimed exemption has been improperly asserted by the agency. Public Citizen Health Research Group v. Food & Drug

---

[4] Mr. Andela argues that Ground Saucer is inapplicable, because "Andela's allegations are supported by incontrovertible evidence and the EEOC's attempt to resist stipulations is futile . . . ." (Pl. Mot. for Summary Judgment at 1). However, the legal rule articulated in Ground Saucer, that "agency affidavits will ordinarily suffice to establish the adequacy of an FOIA search effort if they are 'relatively detailed' and nonconclusory and submitted in good faith," 692 F.2d at 771 (internal citations omitted), does apply in this FOIA action.

Admin., 185 F.3d 898, 905 (C.A.D.C. 1999).

**IV.   ANALYSIS**

Mr. Andela's FOIA claim focuses on a single two-page document: the substantial weight review conducted by the EEOC Miami District Office. While he contends that he has a right to its disclosure in full, unredacted form, the EEOC counters that it has properly redacted portions of the substantial weight review pursuant to 5 U.S.C. § 552(b)(5).

FOIA mandates, upon request, the disclosure of records held by a federal agency. Department of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 7 (2001). The exemptions to disclosure are to be narrowly construed, because "disclosure, not secrecy, is the dominant objective of the Act." Id. (quoting Department of Air Force v. Rose, 425 U.S. 352, 361 (1976)).

§ 552(b)(5) exempts agencies from making publicly available their "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). The exemption was intended by Congress to "embody an executive privilege with contours broad enough to protect the deliberative and decision-making processes of government." Conoco Inc. v. U.S. Dept. Of Justice, 687 F.2d 724, 727 (3d Cir. 1982)(quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975)). The exemption is meant to "prevent injury to the quality of agency decisions" because

6

"'[t]he quality of a particular agency decision will clearly be affected by the communications received by the decisionmaker of the decision prior to the time the decision is made.'" Id. Exemption 5 protects "any document which would be 'normally privileged in the civil discovery context.'" Conoco Inc. v. U.S. Dept. Of Justice, 687 F.2d 724, 727 (3d Cir. 1982)(citing Sears, 421 U.S. at 149). To qualify for the exemption, a document's source must be a government agency, and "it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it." Klamath, 532 U.S. at 8.

    The EEOC has submitted the declaration of Stephanie D. Garner, Assistant Legal Counsel / FOIA Programs in the Office of Legal Counsel of the EEOC and an accompanying 1-page Vaughn index to support its motion for summary judgment, as well as prior communications between Mr. Andela and the EEOC. See (Def. Ex. A, Ex. 1-5). The EEOC argues that it has properly redacted the substantial weight review because the material is pre-decisional and the EEOC has an interest in protecting its pre-decisional deliberations. The Garner Declaration explains that the substantial weight review is dated March 26, 2009, which is prior to its March 31, 2009 Dismissal and Notice of Rights letter to Mr. Andela. Thus, the substantial weight review was composed prior to the EEOC's final decision on Mr. Andela's claim.

The Garner declaration further states that the substantial weight review consists of the findings and opinions of EEOC staff regarding various categories of review concerning the FCHR's investigation. The unredacted headings within the document are as follows: Issues accepted investigated; appropriate theory(ies) & legal principles applied; relevant witness(es) testimony secured; policies examined and results; treatment of CP vs. others similarly situated; comparative documentary evidence in file; facts in dispute resolved and how; facts support conclusions reached; class allegations investigated; deficiencies noted, if any. (Def. Ex. 4). It is from the findings and comments made under these subheadings, the EEOC maintains, that the final agency decision was made and relayed to Mr. Andela in the Dismissal and Notice of Rights letter.

For his part, Mr. Andela argues that the EEOC has acted in bad faith, that factual and legal issues preclude summary judgment, and that an *in camera* review of the document at issue is necessary. The Court will address each of these arguments in turn.

First, the Court is not persuaded by Mr. Andela's allegations of bad faith on the part of the EEOC. Mr. Andela asserts that the EEOC has resisted agreeing with him to certain Stipulations of Fact that he wished to submit in a pretrial memorandum. Such action by the EEOC in no way impugns the

veracity of the affidavits and declarations submitted by the Defendant.[5] Additionally, Mr. Andela suggests that the EEOC's post-hoc removal of redactions from the factual subheadings within the substantial weight review, in response to his instituting the present suit, suggests that the EEOC has been intentionally evasive. However, the EEOC's removal of improperly-made redactions does not, by itself, suggest wrongdoing. The Garner declaration asserts that these factual headings were initially inadvertently withheld, and Mr. Andela has summoned no evidence, beyond mere speculation and vague insinuation, to establish that they were withheld in bad faith. See, e.g., Williams v. U.S. Dept. of Justice, F.B.I., Civil Rights Section Unit, 177 Fed. Appx. 231, 232 (3d Cir. 2006)(unpublished opinion); Lewis v. U.S. E.P.A., CIV. A. 06-2660, 2006 WL 3227787 at *6 (E.D. Pa. 2006).

Mr. Andela next argues that "legal and factual disputes in this matter and in favor of Andela's assertions," (Pl. Motion for Summary Judgment at 2) prevent summary judgment for the EEOC. However, the issues raised by Mr. Andela - the allegedly knowing and willful suppression of plaintiff's retaliation charge by the U.S. Department of Education, and the EEOC's omissions with respect to plaintiff's Title VI and Title VII claims - have no

---

[5] Moreover, pretrial memoranda are not timely at this summary judgment stage.

bearing on Mr. Andela's FOIA claim. In fact, these claims, which Mr. Andela insists on resurrecting, have been dismissed by the Court. See (Doc. Nos. 4,5).

Lastly, Mr. Andela requests the Court to conduct an *in camera* review of the substantial weight review, asserting that such a review will further substantiate his allegations. The EEOC has provided to the Court a copy of the substantial weight review to be reviewed at the Court's discretion. The Court finds such a review unnecessary, however, given that the arguments put forth by the EEOC regarding exemption five remain uncontested by Mr. Andela. The Court is faced with no arguments or evidence suggesting that the substantial weight review does not qualify as the type of pre-decisional memorandum shielded by exemption five.

The Court finds, based on the declaration and materials submitted by Defendant EEOC, that the substantial weight review reflects the deliberative and decision-making processes of the EEOC. It contains communications to the decisionmaker responsible for the ultimate outcome of the Dismissal and Notice of Rights letter given to Mr. Andela. As such, it was properly withheld from disclosure under 5 U.S.C. § 552(b)(5).

**CONCLUSION**

For the foregoing reasons, summary judgment is GRANTED to the EEOC, and Mr. Andela's FOIA claim against the EEOC is dismissed with prejudice.